**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 10-23095-CIV-GRAHAM/GOODMAN

MICHAEL BORAKS, *et al.*,

      Plaintiffs,

v.

STANELY DANIELS, *et al.*,

      Defendants.

_____/

**ORDER REQUIRING FURTHER**

**CLARIFICATION ON MOTION FOR ENTRY**

**OF DEFAULT FINAL JUDGMENT AND ORDER TO SHOW CAUSE**

THIS CAUSE is before the Undersigned on the District Court's Order of
Reference of Plaintiffs' Motion for Entry of Default Final Judgment.  (DE# 27;
DE# 28.)  For the reasons described below, Plaintiffs are hereby **ORDERED** to
**SHOW CAUSE** within **FIFTEEN DAYS** why their motion should not be denied as
untimely.  Plaintiffs are also **ORDERED** to file a supplemental memorandum with
the necessary clarifications described below within **FIFTEEN DAYS** of this Order.

I.      **INTRODUCTION**

On August 27, 2010, Plaintiffs filed a seven-count complaint containing six
different counts against one individual and two corporate defendants.  Plaintiffs
purport to allege claims for: (1) breach of contract; (2) accounting; (3) unjust
enrichment; (4) indemnification; (5) bad check; (6) civil theft; and (7)
reimbursement of legal fees.  (DE# 1.)  Plaintiffs served each defendant and,
after receiving no response within the time allotted, moved for and received a

1

clerk's default against each of the three defendants.  (DE# 8: DE# 9; DE# 13; DE# 14; DE# 15; DE# 18.)

Plaintiffs originally filed two separate verified motions for entry of default final judgment - - on February 22, 2011 and April 4, 2011. (DE# 19; DE# 20.) Plaintiffs' second motion does not describe why the second motion was necessary, but it appears that the second motion contains a page which was missing from the first motion, as well as additional supporting documentation.  On June 21, 2011, the District Court denied both of these motions.  (DE# 22.)  The District Court concluded that these motions were unclear as to the judgment amount sought and that "Plaintiffs have failed to provide sufficient support for the relief sought."  (*Id.* at p. 3.)

On August 8, 2011, Plaintiffs' counsel moved to withdraw from representing plaintiff Michael Boraks because of his nonpayment of legal fees. (DE# 23.)  The District Court denied this motion without prejudice on August 22, 2011 and gave three instructions to Plaintiffs.  First, the District Court ordered Plaintiffs to file a third motion for entry of default judgment "on or before August 29, 2011."  (DE# 26 (emphasis added).)  Second, the District Court ordered that in the third motion Plaintiffs must "clearly state the relief Plaintiff seeks."  (*Id.* at p. 2.)   Third, the District Court ordered Plaintiffs to "provide appropriate documentation in support of" the claims on which they sought default judgment. (*Id.*)

Plaintiffs subsequently filed their third Motion for Entry of Default Final Judgment on September 8, 2011 – ten days late.  (DE# 27.)   Plaintiffs never

requested an extension of time to file this motion or explained in their motion why the motion was filed after the deadline.  Plaintiffs did, however, attach additional documentation to the third motion.

## II.    LEGAL STANDARDS

### a.  UNTIMELY MOTION

Federal Rule of Civil Procedure 6(b)(1)(A)-(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  "In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Kirkland v. Guardian Life Ins. Co. of Am.*, 352 F. App'x 293, 297 (11th Cir. 2009).

Excusable neglect can include an inadvertent or negligent omission, but "an attorneys misunderstanding of the plain language of a rule cannot constitute excusable neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). *See also Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) ("An unaccountable lapse is not excusable neglect. The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules") (internal quotation marks and citation omitted).

Courts apply the excusable neglect standard whether a party missed a deadline set by the Federal Rules of Civil Procedure or a deadline imposed by a court order. *Compare Riney*, 130 F.3d at 998 (failure to read and understand Rule 60), *with Franklin v. Hartford Life Ins. Co.*, no. 8:07-cv-1400-T-23MAP, 2009 WL 3816848 (M.D. Fla. Nov. 13, 2009) (filing of attorneys fees motions six months after appeal resolved where district court order allowed only fourteen days). A court may deny an untimely motion if the filing party fails to demonstrate excusable neglect. *See Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1113-14 (11th Cir. 1993) (affirming district court's denial of motion for new trial as untimely where filing party's only explanation was that they in good faith misinterpreted the deadline).

### b. DEFAULT JUDGMENT

A court may not enter a final default judgment solely based on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations in the complaint to see if they are "well pleaded" and present a "sufficient basis" to support a default judgment on the causes of action. *Alfa*, 560 F. Supp. 2d at 1174 (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Only those well-pleaded factual allegations are admitted by defaulting. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A defaulting defendant does not admit facts that are not well-pleaded or that are in substance mere conclusions of law. *Transamerica Corp. v. Moniker Online Servcs., LLC*, No. 09-60973-CIV, 2010 WL 1416979 (S.D. Fla. April 7, 2010) (citing *Nishimatsu*, 515 F. 2d at 1206). *See also Eagle Hosp.*

*Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)

("A default defendant may, on appeal, challenge the sufficiency of the complaint,

even if he may not challenge the sufficiency of the proof").

### III.    ANALYSIS

#### a.  ORDER TO SHOW CAUSE

Plaintiffs did not seek an extension of time to file their untimely third

motion for entry of default final judgment.  Plaintiffs also did not explain in the

motion why the Court should excuse the untimeliness.  Therefore, Plaintiffs are

**ORDERED** to show cause within **FIFTEEN DAYS** of this order why the

Undersigned should not recommend that the District Court deny their motion as

untimely.   Plaintiffs' response, if appropriate, should include an affidavit or

affidavits attesting to the facts underlying Plaintiffs' arguments.

#### b.  CLARIFICATION

Plaintiffs' third motion for entry of default final judgment clarifies that

Plaintiffs seek $1,200,503.00 in money damages and also contains additional

supporting documentation.[1]   However, Plaintiffs' third motion is still missing

critical details necessary to support a default judgment motion.  As noted above,

a court cannot enter default judgment simply on the basis of a clerk's default.

Rather, a court must conduct what is akin to a motion to dismiss analysis on

each particular count as to each particular defendant a Plaintiff seeks to recover

---

[1]    The Undersigned has not yet formed an opinion as to whether this additional documentary support sufficiently substantiates Plaintiffs' claims.  This is because the basis of their default judgment motion still requires clarification. Counsel is cautioned that she must independently reexamine her documentary support and, when responding to this order, attach any additional documents she believes are necessary, if any, in light of those clarifications.

against.  If, after conducting this analysis, the court determines a plaintiff failed to state a well-pleaded claim against a particular defendant, then the court cannot enter a default judgment against that defendant.

In their motion, Plaintiffs do not refer to any specific allegation in their complaint.  Instead, Plaintiffs merely recite that they filed a complaint and then proceed to list a variety of facts which, apparently, they believe entitles them to a default judgment against all of the defendants for $1,200,503.00 "and any other relief which this court deems equitable and just."  (DE# 27, p. 3.)  In another part of their third motion, Plaintiffs "request the entry of Default Final Judgment against Defendants, and for such other relief this court does deem equitable and just."  (*Id.*)

Plaintiffs' approach is problematic for two primary reasons.

First, Plaintiffs do not specify where in the complaint they allege the well-pleaded facts necessary to entitle them to a default judgment.  It is Plaintiffs' task – not the Court's – to identify the well-pleaded facts necessary to grant their motion (if appropriate).  Even if the facts listed in Plaintiffs' third motion support entry of a default judgment on one or more of Plaintiffs' claims, the mere recitation of these facts in their motion is irrelevant because it is what is alleged in the complaint that matters.  It may be appropriate, for example, to summarize the facts entitling a plaintiff to default judgment in such a motion, but only if a plaintiff also includes references to the corresponding allegations in the complaint that enable the Court to find these facts in the complaint.

Second, Plaintiffs specify neither what claims on which they seek a default judgment nor the particular defendants against whom they seek default judgment on a given claim.  While it is clear that Plaintiffs seek $1,200,503.00 in monetary damages, they do not identify which claims they wish the Court to use as a basis to award this amount.  It is also not clear if Plaintiffs still seek, for example, 22% interest on that amount, an accounting, or legal fees.

Therefore, it is hereby **ORDERED and ADJUDGED** that, within **FIFTEEN DAYS** of this order, Plaintiffs shall also file a supplemental memorandum identifying the following information in support of their third motion for entry of default judgment:

(1) Plaintiffs must specifically list each separate claim in their complaint on which Plaintiffs seek a default judgment.  As to each of these claims, Plaintiffs must also specify the following additional information:

  a. The name of the particular plaintiff and defendant or plaintiffs or defendants the claim involves;

  b. The specific numbered paragraphs in their complaint that support that cause of action against each defendant;

  c. The specific relief sought on that claim.

  d. Where applicable, specific references (e.g., page or paragraph number) to any supporting documentation used to substantiate a claim.

To the extent that Plaintiffs do not specifically identify and support a request for default judgment on any claim with the required information, the

Undersigned will recommend that the District Court treat that claim as abandoned.  *Cf. Great S. Wood Preserving, Inc. v. American Home Assur. Co.*, 505 F. Supp. 2d 1287, 1297 (M.D. Ala. 2007) ("The burden is on the parties to formulate arguments, and a plaintiff's failure to list an enumerated claim and brief an issue in a memorandum of law in opposition to a defendant's motion for summary judgment is deemed an abandonment of that claim").  Plaintiffs are also cautioned that if they fail to comply with any aspect of this order, the Undersigned will recommend that the District Court deny their third motion for entry of default final judgment as untimely and/or on the merits.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 29th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald Graham

All counsel of record